IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 19-cv-001952-RBJ

SAFDAR N. LILAK,

    Plaintiff,

v.

DOJ, et al.,

    Defendants.

## ORDER DISMISSING CASE WITHOUT PREJUDICE

    Mr. Lilak, representing himself, filed this case on September 9, 2019. His Complaint, Amended Complaint, and Second Amended Complaint were largely undecipherable. However, in a minute order issued on October 16, 2019, I interpreted the gist of the Second Amended Complaint as an appeal of the denial of Social Security benefits. *See* ECF No. 11.

    The problem is, he has never served the defendant(s). In the October 16, 2019 order I noted that if he serves the United States Social Security Administration, then that defendant through an Assistant United States Attorney could respond as it deems appropriate. But, although Mr. Lilak continued to file various motions, he did not serve the defendant.

    On January 21, 2020 an AUSA, obviously aware of the case, filed a motion to dismiss pursuant to Fed. R. Civ. P. 4(m) for failure to serve. ECF No. 25. However, the motion also explained how service could be accomplished. *Id.* at 2. Mr. Lilak did not respond to the motion. He continued to file motions, but no service was made.

Finally, on June 17, 2020, I gave Mr. Lilak a deadline of June 29, 2020 "either to serve the defendant properly with a summons and complaint or to show cause as to why this case should [sic] be dismissed without prejudice for failure to timely serve the defendant." ECF No. 31.  I noted that "[f]ailure to comply will result in dismissal of the case without prejudice." *Id.*

There still is no indication that the defendant has been served, nor has Mr. Likak shown cause as to why the case should not be dismissed without prejudice.  I do not believe that the typo in the minute order threw him off, as failure to serve has been a continuous issue at least since my October 16, 2019 order.  It was highlighted by the defendant's motion to dismiss, and the context of the minute order makes the Court's meaning obvious.  Instead of serving the defendant, Mr. Lilak has filed two more motions that essentially reiterate his claims.

I must construe the pleadings of a pro se litigant liberally.  Moreover, if Mr. Lilak does have a legitimate claim to social security benefits, it should be resolved on its merits.  But it has now been more than a year since the Complaint was filed, and Mr. Lilak has been informed as to how to accomplish service and informed that he must do so if he wishes to prosecute the case.  Moreover, on review of the records of this district, I find that Mr. Lilak is not an inexperienced pro se litigant.  Including the present case, Mr. Lilak has filed 10 civil actions in this district.  He should at least know how to serve a defendant.[1]

**ORDER**

For the foregoing reasons,

1.  Defendant's motion to dismiss, ECF No. 25, is GRANTED.  This civil action is dismissed without prejudice.

---

[1] Mr. Lilak was also a defendant in a criminal case, *United States v. Lilak,* No. 12-cr-454, in which he was indicted for wire fraud and making false statements in a scheme to defraud the Social Security Administration.  He was convicted of Count 25, making false statements to the government, and was sentenced to 12 months in prison.

2. All other pending motions (ECF Nos. 19, 21, 22, 23, 26, 28, 29, 30, 32) are moot.

3. For Mr. Lilak's possible future benefit, I did not grant ECF No. 19 (Motion to Appoint Counsel) because there is no right to appointed counsel in a civil case. This district has a Civil Pro Bono Panel comprised of volunteer lawyers who will sometimes accept appointments to represent indigent parties without charge. However, it is not an infinite resource. I appoint a volunteer lawyer from the Panel in cases that appear to have potential merit. In view of the bizarre pleadings repeatedly filed by Mr. Lilak in the case and his failure even to serve the defendant, I concluded that the case did not warrant an appointment from the Panel.

DATED this 16th day of July, 2020.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge